IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 19-62 |
| ) | Judge Nora Barry Fischer |
| BRANDON WINTERS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

I. **INTRODUCTION**

Presently before the Court are Motions for Return of Property Pursuant to Fed. R. Crim. P. 41(g) and 21 U.S.C. § 853(n) filed by Sheela Brown (Docket Nos. 122, 147) and a Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g), also referencing 21 U.S.C. § 853(n), filed by Latisha Humphries. (Docket No. 128). For the following reasons, the motions are denied to the extent relief is sought under Rule 41(g) and the motions are denied without prejudice to the extent relief is sought pursuant to 21 U.S.C. § 853(n).

II. **BACKGROUND**

On February 26, 2019, Defendant Brandon Winters and co-defendants Eduard Guzman Rijo and Erick Alexander Martinez were charged at Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846. (Docket No. 51). Winters was also charged at Count Two with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). (*Id.*). The Indictment included a forfeiture allegation against $251,190.91 in United States currency acquired as a result of all

1

defendants' violations of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(ii).  (*Id.*).  On July 10, 2019, the Government filed a Bill of Particulars for Forfeiture of Property giving notice that, in addition to the asset identified in the Indictment, it intends to seek forfeiture of a 2012 Porsche Panamera, VIN WP0AA2A72CL013778 (the "Porsche") and a 2007 Nissan Maxima, VIN 1N4BA41E17C839774 (the "Nissan").  (Docket No. 95).

On September 25, 2019, Winters pled guilty to Counts One and Two of the Indictment. (Docket No. 108).  As part of his plea agreement, Winters agreed to forfeit $250,138.91 in United States currency,[1] the Porsche and the Nissan.  (Docket No. 108-1, ¶ A.2).  On October 2, 2019, the Court granted the Government's motion for preliminary order of criminal forfeiture against Winters and ordered that all right, title and interest of Winters in $250,138.91 in United States currency, the Porsche and the Nissan are forfeited to the United States pursuant to 21 U.S.C. §§ 853(a)(1), 853(a)(2) and 853(p).  (Docket No. 115).  The Federal Bureau of Investigation administratively forfeited $228,832 seized from Winters, and the remaining $21,306.91 remains a subject of the criminal forfeiture action.  (*See* Docket No. 143, ¶ 5).

In accordance with 21 U.S.C. § 853(n)(1), the Government advertised notice of the criminal forfeiture and mailed notice to third parties who may have a legal interest in the property.  (*See* Docket Nos. 134, ¶ 6; 143, ¶ 6).  To that end, on October 10, 2019, the Government mailed notice of the criminal forfeiture of all right, title and interest of Winters in $21,306.91 in United States currency to Latisha Humphries, and Ms. Humphries signed for receipt of the notice on November 4, 2019.  (Docket No. 143-1).  Additionally, on October 22, 2019, the Government mailed notice

---

[1]     This amount consists of $228,832 and $21,306.91 seized from Winters at separate locations.  (See Docket No. 143, ¶ 3).

2

of the criminal forfeiture of all right, title and interest of Winters in the Porsche to Sheela Brown, and Ms. Brown signed for receipt of the notice on October 24, 2019. (Docket No. 134-1).

On November 19, 2019, Ms. Brown filed the Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g), also referencing 21 U.S.C. § 853(n), claiming that she is the "rightful owner" of the Porsche and seeks return of the vehicle. (Docket No. 122). On January 6, 2020, Ms. Brown filed the Motion for Return of Property Pursuant to 21 U.S.C. § 853(n), making the same claim. (Docket No. 147). Other than the title of the motions, they appear to be identical.

On November 29, 2019, Ms. Humphries filed the Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g), also referencing 21 U.S.C. § 853(n), claiming that she is the "rightful owner" of $21,306.91 in United States currency that was seized and requests return of the money. (Docket No. 128).

The Government responded to these motions, arguing that Ms. Brown and Ms. Humphries are not entitled to return of the property they seek pursuant to Rule 41(g) because Rule 41 is an equitable remedy which is unavailable when a petitioner has an adequate remedy at law; in this case, the pending criminal forfeiture action. (Docket Nos. 134, ¶ 9; 143, ¶ 9). The Government points out that the Porsche and $21,306.91 in United States currency have properly been made part of the criminal forfeiture action in this case; Ms. Brown and Ms. Humphries have an adequate remedy at law in the forfeiture action; and to the extent they wish to contest forfeiture of those items, they may petition the Court for a hearing. (Docket Nos. 134, ¶¶ 10-13; 143, ¶¶ 10-12).

**III.   DISCUSSION**

To the extent Ms. Brown and Ms. Humphries seek return of property pursuant to Fed. R. Crim. P. 41(g), the Government is correct that Rule 41 is an equitable remedy and provides no

3

relief because there is an adequate remedy at law in the pending criminal forfeiture action. *See United States v. Rodgers*, Crim. No. 12-20372, 2015 WL 136678, at *1 (E.D. Mich. Jan. 9, 2015) (citing *Brown v. United States*, 692 F.3d 550, 552–53 (6th Cir. 2012) ("Rule 41(g) provides an equitable remedy that is not available where there an adequate remedy at law."). As the *Rodgers* court explained, "[i]n this case, a criminal proceeding is pending. At the conclusion of the criminal proceeding, an ancillary proceeding may commence pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), in which Claimants may assert their interest in the property." *Id.* (citing *Brown*, 692 F.3d at 552). As such, "[b]ecause Claimants have an adequate remedy at law through a § 853(n) proceeding, equitable relief pursuant to Rule 41(g) is not available." *Id.* (citing *Brown*, 692 F.3d at 553); *see also United States v. Singleton*, 867 F. Supp. 2d 564, 571 (D. Del. 2012) ("Rule 41(g) is inappropriate here as petitioner had an adequate remedy at law."); *United States v. Tahir*, Crim. No. 15-20351, 2016 WL 641342, at *6 (E.D. Mich. Feb. 18, 2016) ("[W]hen there is either a civil or criminal forfeiture procedure under way, a Rule 41(g) motion is not appropriate.").

Turning to 21 U.S.C. § 853(n), that section provides in relevant part as follows:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1),[2] whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

21 U.S.C. § 853(n)(2). To the extent Ms. Brown's and Ms. Humphries' motions can be construed as a petition pursuant to this provision, the motions must be denied without prejudice because the "petitions" do not comply with prescribed statutory requirements.

---

[2] As required by 21 U.S.C. § 853(n)(1), the Government provided written notice to Ms. Brown and Ms. Humphries in this case. *See* Docket Nos. 134-1; 143-1.

Section 853(n)(3) provides that "[t]he petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."[3] 21 U.S.C. § 853(n)(3). The motions or "petitions" filed by Ms. Brown and Ms. Humphries satisfy none of these requirements, as they are not signed under penalty of perjury, they do not provide sufficient detail regarding the nature and extent of Ms. Brown's or Ms. Humphries' right, title, or interest in the property and the time and circumstances of their acquisition of the right, title, or interest in the property.[4] As such, failure to comply with the technical requirements of § 853(n)(3) requires dismissal of the petitions.[5] *See, e.g., United Stated v. Lamid*, 663 F. App'x 319, 323 (5th Cir. 2016) ("Because of the substantial danger of false claims in forfeiture proceedings, federal courts require strict compliance with [the] requirement" that the petition be signed under the penalty of perjury.); *United States v. Walker*, Case No. 4:16-cr-00111-BLW, 2018 WL 2323464, at *3 (D. Idaho 2018) ("For the Petition to comply with § 853(n)(3) it must have been signed under penalty of perjury. Courts strictly construe this requirement to discourage false or frivolous claims and to safeguard the government's legitimate interest in protecting forfeited property."); *United States v. Salkey*, Crim. No. 2:15cr146, 2016 WL 3766308, at *2 (E.D. Va. July

---

[3] These requirements were spelled out in the notice of criminal forfeiture mailed to Ms. Brown and Ms. Humphries. *See* Docket Nos. 134-1 at 1-2; 143-1 at 1-2.

[4] Rather, Ms. Brown simply asserts that she is the "rightful owner" of the Porsche and Ms. Humphries broadly claims that she is the "rightful owner" of $21,306.91. Docket Nos. 122 at 3; 128 at 3; 147 at 3.

[5] Furthermore, even if Ms. Brown's and Ms. Humphries' motions or "petitions" satisfied the requirements of § 853(n)(3), "[t]he scheme established by 21 U.S.C. § 853 and Rule 32.2 provides for a post-deprivation hearing for third-party claimants, but . . . allows that hearing to be held only after the conclusion of the criminal trial or the entry of a plea of guilty by the defendant, and after the entry of a preliminary order of forfeiture." *Sunrise Academy v. United States*, 791 F. Supp. 2d 200, 204 (D.D.C. 2011) (citing 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(b)(2)(A)). In this case, only Defendant Winters has pled guilty and been sentenced; Defendants Rijo and Martinez have not yet either pled guilty or proceeded to trial. As such, the criminal proceedings in this case are ongoing and a preliminary order of forfeiture has not yet been entered as to Defendants Rijo and Martinez.

11, 2016) (observing that courts routinely dismiss third party petitions that do not meet the pleading requirements detailed in § 853(n)(3)); *United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012) (dismissing claim not filed under penalty of perjury and for failing to include time and circumstances of acquisition); *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) (dismissing third-party claim for failure to sign under penalty of perjury); *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (dismissing pro se petition not filed under penalty of perjury).

### IV.	CONCLUSION

For all of these reasons, IT IS HEREBY ORDERED that the Motions for Return of Property Pursuant to Fed. R. Crim. P. 41(g) and 21 U.S.C. § 853(n) filed by Sheela Brown (Docket Nos. 122, 147) and the Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) filed by Latisha Humphries (Docket No. 128) are DENIED to the extent relief is sought under Rule 41(g) and DENIED WITHOUT PREJUDICE to the extent relief is sought pursuant to 21 U.S.C. § 853(n).

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated:  April 20, 2020

cc/ecf:  All counsel of record

Sheela Brown (via U.S. mail)

Latisha Humphries (via U.S. mail)